# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

MATTHEW WILLS,
    *Plaintiff*,

v.

SCOTT SEMPLE, *et al.*,
    *Defendants*.

No. 3:17-cv-881 (JAM)

## INITIAL REVIEW ORDER

Plaintiff Matthew Wills is a prisoner in the custody of the Connecticut Department of Correction. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983. The complaint was received on May 31, 2017, and plaintiff's motion to proceed *in forma pauperis* was granted on June 8, 2017. After an initial review, the Court concludes that the complaint should be dismissed.

### BACKGROUND

Plaintiff names six defendants: Commissioner Scott Semple, Warden Edward Maldonado, Captain Chapdelaine, Lead CERT Officer Dowles, and two John Doe CERT Officers. The following allegations from plaintiff's complaint are accepted as true for purposes of this ruling.

On February 23, 2017, plaintiff was housed in E-block at Osborn Correctional Institution. At 10:00 p.m., multiple correctional officers ordered plaintiff to get dressed because all inmates were going to the gym. As plaintiff left the housing unit, he observed multiple K-9 units with the dogs acting aggressively and 150-200 Correctional Emergency Response Team ("CERT") officers in full riot gear holding assault weapons and batons. The officers were yelling threats and obscenities at the inmates. The officers' actions appeared to have been authorized by

defendants Semple, Chapdelaine, and Dowles. When plaintiff reached the gym he experienced a panic attack and chest pain. Doc. #1 at 5-6.

Plaintiff spoke with Warden Maldonado the following day. The warden stated that he did not authorize the CERT teams to assemble and that inmates are not permitted to participate in a live training exercise. As a result of the incident, plaintiff suffers from post-traumatic stress disorder, panic attacks, and anxiety. Doc. #1 at 6.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same). Nevertheless, it is well-established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g., Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a *pro se* complaint may

2

not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

Plaintiff does not identify any constitutionally protected right that was violated during this incident. The Court considers possible claims for deliberate indifference to health and safety and for threats or intimidation.

Plaintiff alleges that the CERT officers were making threatening and profane statements. Verbal harassment or use of profanity, without an accompanying injury, "no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of a constitutional right and is not actionable under section 1983." *Little v. Municipal Corp.*, 51 F. Supp. 3d 473, 500 (S.D.N.Y. 2014); *see also Jean-Laurant v. Wilkerson*, 438 F. Supp. 2d 318, 325 (S.D.N.Y. 2006) (verbal intimidation does not rise to the level of a constitutional violation); *Jermosen v. Coughlin*, 878 F. Supp. 444, 449 (N.D.N.Y. 1995) ("Although indefensible and unprofessional, verbal threats or abuse are not sufficient to state a constitutional violation cognizable under § 1983."). Plaintiff alleges that the officers, at most, made threatening statements. He does not allege that any officer touched him. Thus, he fails to state a cognizable constitutional claim.

Plaintiff's allegations also can be construed as a claim for deliberate indifference to his health or safety. To establish a constitutional violation, an inmate must show that the conditions of his incarceration posed a substantial risk of serious harm and that prison officials were deliberately indifferent to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference exists if prison officials know of and disregard an excessive risk to inmate health or safety. *See id.* at 837; *Salahuddin v. Goord*, 467 F.3d 263, 280-81 (2d Cir. 2006) (defendants must have been actually aware of substantial risk that inmate would suffer serious

3

harm as result of their actions or inactions); *Bridgewater v. Taylor*, 698 F. Supp. 2d 351, 358 (S.D.N.Y. 2010) (explaining that defendants must be aware of facts supporting an inference that harm would occur and must actually draw that inference).

Plaintiff alleges that he suffered a panic attack during the incident and subsequently developed anxiety and post-traumatic stress disorder. He alleges no facts, however, suggesting that any defendant perceived any risk that he would have this reaction to the apparent training exercise. Thus, he fails to state a cognizable claim for deliberate indifference to health or safety.

## CONCLUSION

The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). As the case is dismissed, plaintiff's motion for appointment of counsel (Doc. #3) is DENIED as moot.

The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 18th day of October 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge